## CIRCUIT COURT OF THE CITY OF RICHMOND

Kelly A. Gauthier

v.

Virginia Commonwealth
University

May 23, 2005

Case No. (Chancery) CH04-1938

BY JUDGE T. J. MARKOW

This is an appeal of an administrative decision rendered by Virginia Commonwealth University (VCU) denying Kelly Gauthier residency status for in-state tuition purposes.

Ms. Gauthier is a third-year pharmacy student at VCU. On June 14, 2004, Ms. Gauthier filed an Application for Change of Domicile for Virginia In-state Tuition Rates to begin fall semester of 2004. Ms. Gauthier's application was denied following an appeals hearing before the residency committee on the grounds that the applicant failed to present clear and convincing evidence to rebut the presumption that she was in the Commonwealth for purposes of attending school and not as a bona fide domiciliary. Ms. Gauthier appeals to this court pursuant to Va. Code § 23-7.4:3, arguing that the committee's decision was arbitrary and capricious.

Va. Code § 23-7.4(B), which governs eligibility for in-state tuition states:

> To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile. . . .

In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of the alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer of acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purposes of attending school and not as a bona fide domiciliary.

Va. Code § 23-7.4:3(A) outlines the court's function in such an appeal:

[T]he institution shall forward the record to the court whose functions shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law.

Ms. Gauthier contends that she has established by clear and convincing evidence that for a period of at least one year prior to the date of alleged entitlement, she was domiciled in Virginia and had abandoned any previous domicile.

The following evidence was before the committee.

### 1. Residency for One Year

Ms. Gauthier has resided in Virginia since August of 2002 and purchased a home in Chesterfield County in March of 2003.

## 2. Income Taxes

Ms. Gauthier paid Virginia state income taxes for the years 2002 and 2003 and plans to file Virginia state income taxes for 2004.

## 3. Driver's license

Ms. Gauthier has held a valid Virginia driver's license since August of 2002.

## 4. Motor Vehicle Registration

Ms. Gauthier has had a vehicle registered in Virginia since October 2003.

## 5 Voter Registration

Ms. Gauthier has been registered to vote in Virginia since August 2002.

## 6. Employment

Ms. Gauthier has been employed with two employers in Richmond for over one year.

## 7. Property Ownership

Ms. Gauthier purchased real property in Chesterfield, Virginia, in March of 2003 and has invested time, energy, and money in its improvement.

## 8. Financial Support

Ms. Gauthier testified that she has not received any financial support from a parent and that she was not claimed on anyone else's income tax returns for the prior year.

## 9. Military Records

(Not Applicable.)

*10. Offer and Acceptance of Employment*

Although it is not permissible in the pharmaceutical field for an employer to offer Ms. Gauthier employment at this time, she has provided the committee with a letter stating that her employment with CVS is "extremely promising" and that upon eligibility, there is no doubt that Ms. Gauthier will be offered employment with her current employer in Richmond and that Ms. Gauthier has conveyed her desire to accept such employment at that time.

*11. Other Relationships with the Commonwealth*

Additionally, Ms. Gauthier has had checking accounts with local banks since August of 2002, has transferred all of her physicians to those located within the Commonwealth, is a member of local professional and social organizations in the Commonwealth, has performed local volunteer work, has communicated a desire to permanently reside in the Commonwealth to the committee and to others, has convinced her parents to relocate to the Commonwealth upon their retirement, and moved to Virginia originally not only for educational purposes, but also because of the warmer climate and job opportunities.

All eleven factors outlined in Va. Code § 23-7.4, which are used to determine domiciliary intent, have been established by Ms. Gauthier. Other than awaiting a firm offer and acceptance for employment when permissible and remaining in the Commonwealth post-graduation, the court cannot conceive of any other way for Ms. Gauthier to meet the burden the committee requires of her.

The committee stated the following reasons for denying Ms. Gauthier's appeal.

1. The committee questioned Ms. Gauthier's credibility noting the fact that, on a prior application, she stated her reasons for moving to Virginia were "job opportunities and the weather," but on her current application her reasons were her "Reynaud's disease and seasonal depression."

The court finds that the statements made by Ms. Gauthier were not inconsistent and it was improper for the committee to question Ms. Gauthier's credibility for this reason. In discussing her reasons for moving to Virginia, Ms. Gauthier stated, "One was due to the relative climate; I tend to get seasonal depression, and I have Reynaud's disease." This is in no way inconsistent with moving here for the "weather." The committee questions

Ms. Gauthier's choice to expand on her reasoning, but this does not make her incredible, only a better advocate.

2. She could not rebut the presumption she came to Virginia for purposes of education because she also applied to a school in South Carolina and never withdrew that application, and her fiancé did not start looking for a job in Virginia until after she had been accepted to VCU.

The code requires that the applicant must demonstrate by clear and convincing evidence that, for a period of at least one year prior to the date of alleged entitlement, she had abandoned any previous domicile. The time frame on which the committee is relying here is far more than a year prior to the application and the date of alleged entitlement. It is quite possible for an individual to come here for educational purposes and then manifest an honest intent to remain here permanently after residing in the Commonwealth. The court notes that, in their findings, the committee failed to comment on Ms. Gauthier's purchase of a home and her investments in her home with respect to her intent to remain in the Commonwealth permanently. The committee's failure to address this aspect of Ms. Gauthier's application with regards to her intent causes the court to strongly question the committee's decision.

3. Although she is employed in Virginia, this is an educational requirement and that much of her income was scholarship that she would not have received if it were not for the educational program.

Again, the committee fails to comment on the fact that not only does Ms. Gauthier have the ability to meet the educational requirement by working in another state, but also that she is employed to do work which is not required by the educational program. Ms. Gauthier's employment does not only satisfy Ms. Gauthier's educational requirements but is her major source of income beyond the educational program. Additionally, although Ms. Gauthier previously received financial support due to her educational activities, she testified that she is no longer receiving this scholarship and that she is not receiving support from other members of her family or institutions of another state.

4. Although there are job opportunities, she has no formal job contract, and although she has a possible opportunity with CVS, they are a national company and she could "conceivable accept a job anywhere."

The letter received from CVS states:

Ms. Gauthier has made her intentions well known to CVS; she intends to stay in the Richmond, Virginia area and continue her employment with CVS Pharmacy. Her opportunity for employment with us is extremely promising and I have no doubt, given the current state of the job market, that she will be offered a position with CVS upon graduation and licensure.

Given the context of the letter, the court does not question Ms. Gauthier's intent or ability to secure a job with CVS in the Richmond area. Based on this letter, there was no reason for the committee to infer that Ms. Gauthier may attempt to secure employment with CVS outside the Commonwealth. That was pure speculation. Additionally, the committee specifically notes, and appears to use, the fact that Ms. Gauthier has no formal job contract against her application with full knowledge that the field of pharmacy prohibits such contracts at Ms. Gauthier's current educational stage.

5. Although her parents have indicated their intent to move to Virginia, they have not purchased any property in the Commonwealth.

Not only is Ms. Gauthier's parents' intent not relevant to this inquiry, but also there is no evidence in the record to discount the credibility of her parents' intentions, which are clearly stated in a sworn letter to the committee.

6. Her other activities are merely auxiliary and while "they may support intent, they do not prove intent to stay."

Ms. Gauthier has fulfilled all the auxiliary requirements; however, as discussed above, she has also presented many other factors, which evidence her intent to remain in the Commonwealth and to abandon any other prior domicile.

For the reasons stated above and based on the totality of the evidence before the committee, the court finds that the committee applied a "beyond a reasonable doubt standard" and, therefore, was arbitrary and capricious, and that Ms. Gauthier is entitled to domiciliary status in the Commonwealth. It is hereby ordered that the Respondent's denial of Petitioner's Application for Change of Domicile for Virginia In-state Tuition Rates is reversed, and this matter is remanded to the Respondent for appropriate action consistent with this Opinion and Order.